THE ATTORNEY GENERAL HAS ASKED THAT I RESPOND TO YOUR REQUEST TO PROVIDE DIRECTION TO YOUR AGENCY IN REGARD TO THE FOLLOWING QUESTIONS:
 1. DOES 74 O.S. 150.8(F), TAKE PRECEDENCE OVER THE REQUIREMENT TO PARTICIPATE IN THE OKLAHOMA LAW ENFORCEMENT RETIREMENT SYSTEM AND ALLOW AN EMPLOYEE WHO IS AN UNDERCOVER AGENT WITH THE OKLAHOMA STATE BUREAU OF INVESTIGATION AND WHO WAS A MEMBER OF THE OKLAHOMA POLICE PENSION AND RETIREMENT SYSTEM PRIOR TO JOINING THE OKLAHOMA STATE BUREAU OF INVESTIGATION TO REMAIN A MEMBER OF THE OKLAHOMA POLICE PENSION AND RETIREMENT SYSTEM?
 2. IF 74 O.S. 150.8(F) (1991), TAKES PRECEDENCE OVER THE OKLAHOMA LAW ENFORCEMENT AND RETIREMENT SYSTEM, IS THE OKLAHOMA STATE BUREAU OF INVESTIGATION REQUIRED TO MAKE CONTRIBUTIONS TO THE OKLAHOMA LAW ENFORCEMENT RETIREMENT SYSTEM ON BEHALF OF THE UNDERCOVER AGENT PURSUANT TO 47 O.S. 2-304 IN ADDITION TO CONTRIBUTIONS REQUIRED OF THE AGENCY BY THE OKLAHOMA POLICE PENSION AND RETIREMENT SYSTEM?
THE DISCUSSION WHICH FOLLOWS IS NOT AN OFFICIAL OPINION OF THE ATTORNEY GENERAL. RATHER, THE FOLLOWING ANALYSIS AND CONCLUSIONS, WHILE SOLELY MY OWN, HAVE BEEN REACHED AFTER CAREFUL RESEARCH OF THE QUESTION YOU HAVE RAISED.
IN ORDER TO ADDRESS THESE QUESTIONS, ONE MUST FIRST LOOK AT THE APPLICABLE STATUTES INVOLVED. TITLE 47 O.S. 2-300 ET SEQ. (AS AMENDED AT 47 O.S. 2-300 (1992) ET SEQ.) IS THE LAW GOVERNING THE OKLAHOMA LAW ENFORCEMENT RETIREMENT SYSTEM. TITLE 47 O.S. 2-300(5) (1992) DEFINES MEMBERS OF THE SYSTEM AS:
 "(A)LL LAW ENFORCEMENT OFFICERS OF THE OKLAHOMA HIGHWAY PATROL, THE OKLAHOMA STATE BUREAU OF INVESTIGATION, THE OKLAHOMA STATE BUREAU OF NARCOTICS AND DANGEROUS DRUGS CONTROL AND THE OKLAHOMA ALCOHOLIC BEVERAGE CONTROL BOARD . . . AND MEMBERS OF THE COMMUNICATIONS DIVISION AND LAKE PATROL DIVISION OF THE OKLAHOMA DEPARTMENT OF PUBLIC SAFETY, PARK RANGERS OF THE OKLAHOMA TOURISM AND RECREATION DEPARTMENT AND INSPECTORS OF THE OKLAHOMA STATE BOARD OF PHARMACY."
TITLE 47 O.S. 2-304(A) PROVIDES THAT IN RELATION TO CONTRIBUTIONS, THESE FOREGOING AGENCIES "SHALL CONTRIBUTE TO THE FUND AND AMOUNT EQUAL TO TEN PERCENT (10%) OF THE ACTUAL PAID BASE SALARY OF EACH MEMBER." AT FIRST IT WOULD APPEAR, IN READING THESE STATUTES, THAT THE SUBJECT UNDERCOVER OFFICER WOULD COME UNDER THE PURVIEW OF THE OKLAHOMA LAW ENFORCEMENT RETIREMENT SYSTEM. HOWEVER, 74 O.S. 150.8(F), WHICH IS A SPECIFIC STATUTE GOVERNING THE OKLAHOMA STATUTE BUREAU OF INVESTIGATION, PROVIDES THAT:
 "APPOINTMENT TO ANY POSITION IN THE STATE BUREAU OF INVESTIGATION SHALL NOT JEOPARDIZE THE RIGHTS OF ANY PERSON UNDER ANY OTHER SYSTEM UNDER WHICH PEACE OFFICERS OF THIS S ATE OR ITS SUBDIVISION MAY BECOME PENSIONED, PROVIDED THAT THE INDIVIDUAL CONTRIBUTIONS ARE CONTINUED AS IF SUCH PERSON WERE IN THE ORIGINAL ORGANIZATION WITHIN WHICH HE QUALIFIED FOR SUCH PENSION."
IT IS A WELL DEVELOPED CONCEPT THAT THE LEGISLATURE WILL NOT BE VIEWED AS HAVING ENACTED LEGISLATION WHICH HAS "AN ABSURD RESULT." AMF TUBESCOPE CO. V. HATCHEL, 547 P.2D 374 (OKLA. 1976). THE OKLAHOMA SUPREME COURT CITING AMF TUBESCOPE CO. V. HATCHEL, SUPRA., IN GRAND RIVER DAM AUTHORITY V. STATE, 645 P.2D 1011 (OKLA. 1982) FOUND THAT "A STATUTORY CONSTRUCTION WHICH WOULD LEAD TO AN ABSURDITY WILL BE AVOIDED IF THIS CAN BE DONE WITHOUT VIOLATING THE LEGISLATIVE INTENT." THE COURT GOES ON TO STATE THAT WHERE THERE ARE TWO STATUTES WHICH MAY BE INTERPRETED AS BEING IN CONFLICT WITH ONE ANOTHER, A CONSTRUCTION OF BOTH STATUTES "GIVING EFFECT TO BOTH WITHOUT DOING VIOLENCE TO EITHER, . . . IS PREFERRED OVER ONE THAT MAY BE PRODUCTIVE OF CONFLICT BETWEEN THEM." GRAND RIVER DAM AUTHORITY V. STATE, SUPRA. AT 1019. "LEGISLATIVE ACTS ARE TO BE CONSTRUED IN SUCH A MANNER AS TO RECONCILE DIFFERENT PROVISIONS AND RENDER THEM CONSISTENT AND HARMONIOUS AND GIVE INTELLIGENT EFFECT TO EACH." EASON OIL COMPANY V. CORPORATION COMMISSION, 535 P.2D 283 (OKLA. 1975); CITY OF TULSA V. SNUTTLE, 702 P.2D 367 (OKLA. 1985). IF ONE STATUTE APPEARS TO CONTRADICT THE OTHER, THEN BOTH "ARE TO BE INTERPRETED IN SUCH A MANNER AS TO GIVE EFFECT TO BOTH OF THEM IF POSSIBLE." CITY CORP. SAV. TRUST CO. V. BANKING BOARD, 704 P.2D 490 (OKLA.1985). THEREFORE, IN THE CASE AT HAND, IN ORDER TO GIVE EFFECT TO BOTH STATUTES THE APPOINTMENT OF THE UNDERCOVER OFFICER TO A POSITION IN THE OKLAHOMA STATE BUREAU OF INVESTIGATION WOULD NOT AFFECT THE OFFICERS' CONTINUED MEMBERSHIP IN THE OKLAHOMA POLICE PENSION AND RETIREMENT SYSTEM. OKLAHOMA STATE BUREAU OF INVESTIGATION AGENTS WHO ARE NOT MEMBERS OF ANOTHER PEACE OFFICER PENSION SYSTEM WOULD NOT BE INCLUDED IN 74 O.S. 150.8(F) AND WOULD ENTER INTO MEMBERSHIP WITH THE OKLAHOMA LAW ENFORCEMENT AND RETIREMENT SYSTEM PURSUANT TO 47 O.S. 2-300 ET.
ALTHOUGH 47 O.S. 2-300 ET SEQ. (AS AMENDED) ARE GENERAL STATUTES REQUIRING AGENTS OF THE OKLAHOMA STATE BUREAU OF INVESTIGATION TO BECOME MEMBERS OF THE OKLAHOMA LAW ENFORCEMENT AND RETIREMENT SYSTEM, 74 O.S. 150.8(F) IS A SPECIFIC STATUTE DEALING WITH THE PARTICULAR SUBJECT OF AN OSBI AGENT WHO ALREADY BELONGS TO ANOTHER PEACE OFFICER PENSION. IN THIS SITUATION, THE SPECIFIC STATUTE WOULD CONTROL BECAUSE:
 A STATUTE WHICH IS ENACTED FOR THE PRIMARY PURPOSE OF DEALING WITH A PARTICULAR SUBJECT, AND WHICH PRESCRIBES THE TERMS AND CONDITIONS OF THAT PARTICULAR SUBJECT MATTER, PREVAILS OVER A GENERAL STATUTE WHICH DOES NOT REFER TO THE PARTICULAR SUBJECT MATTER, BUT DOES CONTAIN LANGUAGE WHICH MIGHT BE BROAD ENOUGH TO COVER THE SUBJECT MATTER IF THE SPECIAL STATUTE WAS NOT IN EXISTENCE.
TAYLOR V. SPECIAL INDEM. FUND, 804 P.2D 431 (OKLA. 1990).
AS THE SPECIAL STATUTE ALLOWS THE SUBJECT OSBI AGENT TO REMAIN IN THE OKLAHOMA POLICE PENSION AND RETIREMENT SYSTEM, ONE MUST LOOK TO SEE IF THE OSBI AGENT IS ALSO REQUIRED TO BE A MEMBER OF THE OKLAHOMA LAW ENFORCEMENT RETIREMENT SYSTEM UNDER GENERAL STATUTES 47 O.S. 2-300 ET SEQ, AND WHETHER THE OSBI IS REQUIRED TO MAKE CONTRIBUTIONS TO THE OKLAHOMA LAW ENFORCEMENT RETIREMENT SYSTEM IN ADDITION TO THE OKLAHOMA POLICE PENSION AND RETIREMENT SYSTEM. AGAIN, THE SPECIFIC STATUTE WOULD GOVERN OVER THE GENERAL STATUTE. THIS WAS ENUNCIATED IN STATE, EX REL. WHITE V. BEELER, 327 P.2D 664, 665 (OKLA.1958), AND RESTATED IN TAYLOR V. SPECIAL INDEMNITY FUND, SUPRA. THE COURT STATES:
 "WHERE THERE ARE TWO PROVISIONS OF THE STATUTES, ONE OF WHICH IS SPECIAL AND PARTICULAR AND CLEARLY INCLUDES THE MATTER IN CONTROVERSY, AND WHERE THE SPECIAL STATUTE COVERING THE SUBJECT PRESCRIBES DIFFERENT RULES AND PROCEDURE FROM THOSE IN THE GENERAL STATUTE, IT WILL BE HELD THAT THE SPECIAL STATUTE APPLIES TO THE SUBJECT MATTER, AND THE GENERAL STATUTE DOES NOT APPLY."
IT IS A MATTER OF PUBLIC POLICY AS WELL AS LAW THAT AN INDIVIDUAL CANNOT RECEIVE TWO PENSIONS FOR A SINGLE PERIOD OF EMPLOYMENT. IN MULVEY V. WALDO, 140 N.Y.S. 988,989 (S.CT. 1912), THE COURT REVIEWED THIS ISSUE WHEREIN A POLICE OFFICER HAD SERVED SUFFICIENT TIME TO RETIRE FROM ONE CITY AND SUBSEQUENTLY WENT TO WORK FOR A SECOND CITY THEREIN SERVING ENOUGH TIME TO QUALIFY FOR A SECOND PENSION, AND OF WHICH SAID SECOND CITY WAS SUBSEQUENTLY ANNEXED BY THE FIRST CITY, THE COURT FOUND IN DENYING THE OFFICER'S REQUEST FOR A SECOND PENSION THAT "THE GENERAL RULE IN RESPECT TO ALL PENSIONS LAWS (IS), THAT IN THE ABSENCE OF ANY EXPRESS PROVISION TO THE CONTRARY THEY WILL BE SO INTERPRETED AS TO PREVENT ANY PERSON FROM RECEIVING A DOUBLE PENSION." SEE ALSO MAYBURY V. COINE, 312 S.W.2D 455 (KY. 1958). FOLLOWING THIS REASONING AND RATIONALE, THE SUBJECT AGENT IS ENTITLED TO ONLY ONE PENSION AND THEREFORE, AS SUCH, WOULD FALL SOLELY UNDER THE PROVISIONS OF THE SPECIAL STATUTE, 74 O.S. 150.8(F), AND NOT UNDER THE GENERAL STATUTE, 47 O.S. 2-300 ET SEQ. THUS CONTRIBUTIONS WOULD BE MADE ONLY TO THE OKLAHOMA POLICE PENSION AND RETIREMENT SYSTEM.
IT IS, THEREFORE, THE OPINION OF THE UNDERSIGNED ATTORNEY THAT 74 O.S. 150.8(F) DOES TAKE PRECEDENCE OVER THE REQUIREMENT TO PARTICIPATE IN THE OKLAHOMA LAW ENFORCEMENT RETIREMENT SYSTEM IN RELATION TO AN OSBI UNDERCOVER AGENT WHO WAS PREVIOUSLY A MEMBER OF THE OKLAHOMA POLICE PENSION AND RETIREMENT SYSTEM, AND THAT SAID UNDERCOVER AGENT SHALL BE ALLOWED TO REMAIN AS A MEMBER OF THE OKLAHOMA POLICE PENSION AND RETIREMENT SYSTEM. AS PUBLIC POLICY AND LAW PROHIBITS AN INDIVIDUAL FROM RECEIVING MORE THAN ONE PENSION FOR A SINGLE PERIOD OF EMPLOYMENT AND FURTHER, AS 74 O.S. 150.8(F) IS A SPECIAL STATUTE WHICH TAKES PRECEDENCE OVER THE GENERAL STATUTES FOUND AT 47 O.S. 2-300 ET SEQ. (AS AMENDED AT 47 O.S. 2-300 (1992) ET SEQ.), THE OKLAHOMA STATE BUREAU OF INVESTIGATION IS REQUIRED TO MAKE CONTRIBUTIONS ON BEHALF OF THE SUBJECT UNDERCOVER AGENT SOLELY TO THE OKLAHOMA POLICE PENSION AND RETIREMENT SYSTEM.
(STEVEN K. SNYDER)